IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CRYE PRECISION LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**<br><br>**Defendants.** | Case No.25-cv-09125<br><br>Honorable Judge Thomas M. Durkin<br><br>Magistrate Judge Albert Berry, III |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Shenzhenshishenmeitongkuajinggongyinglian Co.,Ltd d/b/a TargetChoice (the "Defendant" or TargetChoice), by and through its undersigned counsel, hereby respectfully submits its response in opposition to Plaintiff's motion for Preliminary Injunction ("PI Motion").

## I. INTRODUCTION

On August 1, 2025, Plaintiff brought this lawsuit alleging trademark infringement and copyright infringement relating to certain camouflage patterns and marks against numerous online sellers, including Defendant TargetChoice, a reputable Temu store. Dkt. No. 1.

Plaintiff only alleged copyright infringement against TargetChoice for the use of camouflage graphics allegedly similar to Plaintiff's copyrighted works (VA 1-942-951, VA 1-902-826, VA 1-902-827, and VA 1-902-832; collectively, the "Works"), but excluding unoriginal and utilitarian elements in camouflage designs, they are not similar at all. Furthermore, Plaintiff's trademark infringement claim

1

is entirely frivolous and baseless. The "infringing evidence" Plaintiff sent to Defendant, which contains screencaps of a TargetChoice's listing on Temu, contains no mark, logo, or wording remotely similar to Plaintiff's registered trademarks. Exhibit 1. Indeed, Plaintiff has not identified, and cannot identify, any protectable mark used by Defendant in commerce.

Despite a complete failure to plead a prima facie case of copyright or trademark infringement against TargetChoice, on August 6, 2025, Plaintiff obtained an ex parte Temporary Restraining Order ("TRO") from this Court, which included a sweeping asset freeze and other injunctive relief against TargetChoice. Dkt. No. 25. Plaintiff then filed its Motion for Preliminary Injunction on August 14, 2025, Dkt. No. 31, and the Court has set a telephonic hearing for August 20, 2025. Dkt. No. 34.

## II. ARGUMENT

A preliminary injunction is a "drastic" remedy, which should not be granted unless the moving party clearly satisfies the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A plaintiff seeking a preliminary injunction must establish that (i) he is likely to succeed on the merits, (ii) he is likely to suffer irreparable harm in the absence of preliminary relief, (iii) the balance of equities tips in his favor, and (iv) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008). All four of the foregoing elements must be satisfied. *Id*. The party seeking the preliminary injunction must demonstrate by "a clear showing" that it is entitled to such a relief and must prove all four elements. *Winter*, 555 U.S. at 20-23.

Defendant sets forth below the reasons why Plaintiff fails to establish any of the requisite factors and thus, cannot meet the stringent standard for a preliminary injunction.

### A. The Preliminary Injunction Shall Not Be Granted Because Plaintiff is Not Likely to Succeed on the Merits of Its Claims

#### i. *Copyright Claim*

2

To establish copyright infringement, Plaintiff must prove "ownership of a valid copyright" and that Defendant "copied constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., Inc.*, 111 S.Ct. 1282, 1296 (1991). The second inquiry, which is dispositive for our purposes, concerns the degree of unlawful appropriation. *Design Basics, LLC v. Kerstiens Homes & Designs, Inc.,* 1 F.4th 502, 503 (7th Cir. 2021). Improper appropriation, or wrongful copying "requires substantial similarities between the defendant's work and protected elements in the plaintiff's copyrighted work." *Id*.

The Seventh Circuit employs the "ordinary observer" test to determine substantial similarity between a copyrighted work and an allegedly infringing work. This test assesses "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Id.* (quoting *Design Basics LLC v. Signature Construction, Inc.*, 994 F.3d 879, 888 (7th Cir. 2021)). Moreover, in fields defined by common features and dictated by functional concerns, however, copyright protection is very weak. *Id.* Where copyright protection is thin, "proving unlawful appropriation takes more than a substantial similarity between the plaintiff's work and the defendant's work." *Signature Construction, Inc.*, 994 F.3d at 890.

The table below compares Plaintiff's Work and Defendant's Accused Product. *See* Wang's Decl. ¶¶ 7-10; Exhibit 1. It is apparent to an ordinary observer that excluding unoriginal elements, Defendant's camouflage pattern differs significantly from Plaintiff's design. Compared to Plaintiff's graphics, Defendant's pattern differs in color and appears less dense dotted than Plaintiff's work. Additionally, the Accused Product use chunky color blocks sparsely distributed throughout the surface, whereas Plaintiff's work features densely distributed color dots. Therefore, Defendant's camouflage graphic is sufficiently dissimilar to bar Plaintiff's copyright infringement claim under ordinary observer test.



Furthermore, useful articles, defined as articles that have "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information," are not entitled to copyright protection. 17 U.S.C. § 101. The Supreme Court held that a feature incorporated into the design of a useful article is eligible for copyright protection only if the design feature qualifies as a nonuseful pictorial, graphic, or sculptural work on its own. *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1013 (2017).

Plaintiff's Works primarily consist of familiar symbols and designs to serve an intrinsic utilitarian function. Camouflage uniform started to emerge as a standard pattern since World War II. Exhibit 2 – *A Brief History of US Military Camouflage Uniforms* at 3. By 1943, U.S. Marines in the Solomon Islands began wearing reversible beach/jungle coveralls with green-and-brown patterns including speckled and disruptive coloration. *Id.* at 4. This type of camouflage pattern is known as the frog pattern, a familiar design in public domain. *Id.* Plaintiff's Works are likely a derivative work from the frog pattern as they shares either the green or the brown undertone, with speckled and disruptive coloration. The table comparison below shows that TargetChoice's accused products are more similar to the public domain frog pattern design than Plaintiff's copyrighted works.



All these camouflage designs share an intrinsic utilitarian function. Camouflage, the use of colors and patterns to blend into the surroundings, has been an essential tool for military forces throughout history. Exhibit 3 – *Camouflage: The Art of Hiding in Plain Sight* at 2. The versatility of camouflage has made it applicable to a wide range of situations, from spying on an enemy to waiting out a storm in a tent while fishing. *Id.* Therefore, camouflage pattern is an essential and useful graphic to use in designing outdoor equipment and clothing.

The Seventh Circuit does not extend copyright protection to features of a work "that are so rudimentary, commonplace, standard or unavoidable that they do not serve to distinguish one work within a class of works from another." *Gaiman v. McFarlane*, 360 F.3d 644, 659 (7th Cir. 2004). Any purportedly shared elements must be protectable to demonstrate substantial similarity. *Weller v. Flynn*, 312 F.Supp.3d 706, 720 (N.D.Ill. 2018) (citing *Hobbs v. John*, 722 F.3d 1089, 1091 n.2 (7th Cir. 2013)).

Excluding familiar designs and utilitarian aspects found in any camouflage patterns, Target Choice's Accused Products does not share any protectible elements of Plaintiff's Copyrighted Works, and Plaintiff has failed to demonstrate a prima facie case for substantial similarity.

### ii. Trademark Claim

Plaintiff's trademark infringement claim against Defendant TargetChoice is wholly unsupported and cannot succeed on the merits. Plaintiff fails to allege any factual basis to connect Defendant's conduct with actionable infringement under the Lanham Act. The allegedly infringing evidence Plaintiff sent to Defendant's representative via email attachment contains no mark, logo, or wording remotely similar to Plaintiff's registered trademarks. *See* Wang's Decl. ¶¶ 6-10; Exhibit 1.

Plaintiff appears to have included a boilerplate trademark claim against a group of unrelated defendants without differentiation, inadvertently or willfully asserting a frivolous trademark claim against TargetChoice. As a result, Plaintiff's trademark claim cannot possibly prevail on merits.

### B. The Plaintiff Has Not Demonstrated Irreparable Harm

Plaintiff has failed to establish irreparable harm, relying on speculative and unsubstantiated claims rather than concrete evidence. The Complaint and PI Motion offer only generalized allegations, failing to meet the stringent requirement of demonstrating actual, imminent harm. Plaintiff's assertions rest on conclusory statements, presuming irreparable harm solely from alleged substantial similarity under copyright law, without factual support for purported damage to reputation or goodwill. In this case, Plaintiff suffers no realistic harm from Defendant's sales, as Defendant does not copy or use

graphics substantially similar to any protectable elements of Plaintiff's Work. Neither is Plaintiff entitled to presumption of irreparable harm under the Trademark Modernization Act of 2020, as Plaintiff has completely failed to allege any factual basis for trademark infringement. As such, Plaintiff's claims of harm by TargetChoice is speculative and lacks factual support.

Furthermore, any alleged harm from the purported copyright infringement is fully compensable through monetary damages, even if Plaintiff prevails. Economic loss alone does not constitute irreparable harm. *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 707 (7th Cir. 2005) (finding no irreparable harm where alleged injury was speculative and remediable by monetary damages). Plaintiff offers no evidence that monetary relief would be inadequate.

### C. The Remaining Preliminary Injunction Factors Weigh Heavily against an Injunction

The remaining preliminary injunction factors – balance of hardship and public policies both favor Defendant.

Balance of hardship strongly favors Defendant more than Plaintiff. If the preliminary injunction is granted, Defendant operation will continue to suffer from its frozen Temu account and delisting of products, and the loss per day is costly and detrimental to a relatively new and small business like Defendant. These are irreparable harms that Defendant is suffering.

At the core of this dispute is an extremely narrow factual issue - whether the Accused Product contains camouflage graphic substantially similar to Plaintiff's Work. As explained above, Plaintiff has little chance to succeed on the merit. On the other hand, the Plaintiff has filed multiple lawsuits before this Court in recent years, harassing thousands of e-commerce sellers who merely applied camouflage pattern to products regardless of degree of similarity. Similar to other copyright or trademark cases Plaintiff brought before this Court, this action represents yet another attempt to seek excessive protection beyond the intended scope of copyright law, in an attempt to monopolize a common pattern.

7

If the Court does not control the gate, Plaintiff will continue to flood the court with meritless copyright lawsuits.

## **CONCLUSION**

Defendant TargetChoice contends that Plaintiff has failed to establish the proper merits for the underlying TRO and continues to fail to meet the burden for the PI Motion.

**WHEREFORE**, Defendant TargetChoice respectfully requests that Plaintiff's PI Motion against TargetChoice be denied. Defendant TargetChoice also requests that this Court grant any other relief this Court deems appropriate.

Date: August 18, 2025　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Zhongyi Huang*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Zhongyi Huang, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NY#5781620
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YoungZeal LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　30 Wall St, Floor 8, 10005
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: 702-300-8107
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Huang@yzlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August in 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/Zhongyi Huang*
Zhongyi Huang, ESQ.